UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARIE E. ENGELS, et al.,

   Plaintiffs,

v.

SETERUS, INC.,

   Defendant.
_____/

Case No.  14-14006

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [8]

Before the Court is Defendant Seterus, Inc.'s Motion to Dismiss [8], Plaintiffs' Response [9], and Defendant's Reply [10].  For the reasons that follow, Defendant's Motion to Dismiss [8] is **GRANTED** in its entirety.

## STATEMENT OF FACTS

This case involves a dispute over a $254,700.00 mortgage secured by residential real estate commonly known as 41851 Alberta Drive, Sterling Heights, Michigan 48314 ("the Property"). In 2005, Plaintiffs[1] received a loan from Cambridge Mortgage Company and granted a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as the lender's nominee.  On May 1, 2012, MERS assigned the mortgage to the Federal National Mortgage Association (Fannie Mae). Defendant is the servicer for Fannie Mae.

---

[1] Plaintiff Jeanne Riesterer has been deceased since July 7, 2012.

On January 1, 2009, Plaintiffs and Defendant entered into a first loan modification agreement. Subsequently, Plaintiffs defaulted on the loan under the modified terms. On June 9, 2013, Plaintiffs and Defendant entered into a second loan modification agreement. In March of 2014, Plaintiffs defaulted under the terms of the second loan modification agreement by failing to make continuous and timely payments. Defendant initiated foreclosure-by-advertisement proceedings in the middle of 2014. The Sheriff's sale occurred on January 16, 2015, after Defendant filed its Motion to Dismiss [8].

## STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

## ANALYSIS

Plaintiffs allege claims for breach of Michigan Compiled Laws §§ 600.3208, 600.3204, 600.3205, and the loan modification agreement. Plaintiffs also seek quiet title specific performance, and other equitable relief.

When jurisdiction is based on diversity of citizenship as it is here, the Court applies state law in accordance with the controlling decisions of the state supreme court. *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757 (6th Cir. 2012). The Michigan legislature repealed Michigan Compiled Law § 600.3205 effective June 19, 2014. Accordingly, Plaintiffs' claims under § 600.3205 in Count II are dismissed.

Defendant argues that Plaintiffs fail to state a claim under M.C.L. § 600.3208 in Count II because it published notice of the foreclosure sale for four consecutive weeks in a local newspaper prior to the sale and posted a notice on a conspicuous location on the Property within fifteen days of the first publishing.

Michigan law requires that

> [n]otice that [a] mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

M.C.L. § 600.3208. Defendant submitted an affidavit from an employee of the Macomb County Legal News that it published a notice of the foreclosure sale on September 5, 12, 19, and 26, of 2014. [10-1]. Defendant also submitted an affidavit by Mark Zobel that he securely posted a notice of the foreclosure sale at the Property on September 8, 2014. Plaintiff does not submit any evidence to the contrary. Defendant did not breach M.C.L. § 600.3208.

Count III of Plaintiffs' Complaint [1-2] alleges that Defendant breached the loan modification agreement from December 20, 2008—the first loan modification agreement. Defendant argues that Plaintiffs fail to state a claim that it breached the first loan modification agreement because it was superceded by the second loan modification agreement. Plaintiffs do not respond to this argument, but rather recite general principles of contract law and refer to CitiMortgage, Inc., an entity that is irrelevant to this case. The second loan modification agreement declared that any instrument or document that "provide[s] for, implement[s], or relate[s] to, any change or adjustment in the rate of interest payable under the Note" is "forever canceled, null and void" as of June 9, 2013. As Plaintiffs declared the first loan modification agreement null and void, they cannot not sue for breach thereof.

Next, in Count V Plaintiffs allege that Defendant violated M.C.L. § 600.3204, Michigan's foreclosure by advertisement statute. Section 600.3204 states:

> (1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
>> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
>>
>> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage or, if an action or proceeding has been instituted, either the action or proceeding has been discontinued or an execution on a judgment rendered in the action or proceeding has been returned unsatisfied, in whole or in part.
>>
>> (c) The mortgage containing the power of sale has been properly recorded.
>>
>> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.
>
> (2) If a mortgage is given to secure the payment of money by installments, each of the installments mentioned in the mortgage after the first shall be treated as a separate and independent mortgage. The mortgage for each of the installments may be foreclosed in the same manner and with the same effect as if a separate mortgage were given for each subsequent installment. A redemption of a sale by the mortgagor has the same effect as if the sale for the installment had been made upon an independent prior mortgage.
>
> (3) If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

In support of their allegations, Plaintiffs have submitted boilerplate language containing unsupported legal conclusions that Defendant submitted affidavits that have procedural defects. [1-2] at ¶ 36, 37. In contrast, Defendant has submitted

documentation that Plaintiffs defaulted on the loan, that the mortgage delineating its power of sale was properly recorded, and that its status as servicer of the mortgage was properly recorded. Plaintiff has not alleged that Defendant instituted any legal action to recover the indebtedness before foreclosing by advertisement. Defendant did not violate M.C.L. § 600.3204.

As Plaintiffs have failed to state any claims, they are not entitled to any equitable relief, including quiet title as recited in Count I, specific performance as recited in Count IV, or injunction as recited in Count VI.

## CONCLUSION

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** Defendant's Motion to Dismiss [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice.

**SO ORDERED**.

**THIS CASE IS CLOSED.**

Dated: August 18, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge